JAMES MOIR *et al.*, Appellants, *v.* WILLIAM B. HOPKINS *et al.*, Appellees.

APPEAL FROM HENDERSON.

Where a party is in default by not having filed his plea, a court may impose conditions, as an affidavit of merits, upon setting aside a default. Otherwise, if the plea was filed in proper time.

THIS was an action of assumpsit. The declaration was filed December 11, 1857, counting upon a promissory note made by defendants.

Defendants, on December 24th, 1857, filed two pleas. One was the general issue, and the other set up a failure of consideration.

On December 21, 1857, the court caused a general order to be entered on the records of said court, as follows: "It is ordered by the court that in all actions on promissory notes, when pleas are filed, an affidavit must accompany the same, of the defendant or some one for him, that he has a good and sufficient defense to the cause of action or a part thereof, and in default of such affidavit, the pleas filed will be stricken from the files, and judgment by default for want of a plea, entered, and that such plea and affidavit must be filed on or before the second day of the term."

On December 24, 1857, the following order was entered in said case: "This day came the plaintiffs by their attorney, and moved the court to strike the defendant's plea from the files.

Thereupon it is ordered by the court that the said pleas be stricken from the files of this court, they having been filed in contravention to a rule thereof." * * And the said defendants having been three times solemnly called, came not, nor any person for them, to defend this suit, but made default: whereupon judgment was rendered for the plaintiffs.

Defendants prayed an appeal. Appeal allowed.

And for causes of error they assign the following :

1. The court erred in striking the pleas of the defendants from the files.

2. The court erred in rendering judgment by default against defendants.

3. The court erred in not rendering judgment for the defendants.

PURPLE & HARDING, for Appellants.

O. C. SKINNER, for Appellees.

CATON, C. J. In the case of *Scammon* v. *McKey*, *ante*, we have expressed the opinion that a party may file a plea if he does it in proper time or before he is in any default, without an affidavit of merits; and that the court has no authority to require an affidavit of merits, except where the party is in default, and the court has a right to impose conditions upon granting to the defendant, the indulgence to file a plea, which in strictness of law he should have filed earlier. In this case, the pleas were not filed at the commencement of the term, nor until some days after the general rule requiring affidavits of merits. At the time that rule was entered the court had a right to have entered the default of the defendant, or it had the right to allow him to plead on condition that he should file an affidavit of merits. As to this case, then, the rule was entered in the exercise of a legitimate power possessed by the court, although its terms are broad enough to embrace cases as to which the court has no right to impose such condition. The rule must be a nullity as to such cases, while it may have full force in cases where the court has a right to impose conditions, as was the case here. Besides, it does not clearly appear that the plea was stricken from the files for non-compliance with this rule. The order does not say so, and possibly there may have been a special rule entered in this cause which was not complied with. The judgment must be affirmed.

*Judgment affirmed.*